Mr. Al Chase 908 Timberwolf Jacksonville, AR 72076
Dear Mr. Chase:
You have requested an Attorney General opinion concerning the release of certain records in response to a request that has been presented to the Little Rock School District under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.)
You state that a reporter from the Arkansas Democrat-Gazette has requested certain of your personnel records. You have provided me with copies of the records that the school district has determined are responsive to the request. They are the following:
• August 24, 2000 memorandum from you to CTA;
• July 19, 2000 memorandum from you to Dr. R. Hurley;
 • December 2, 1999 memorandum to you from Jimmy Mosby, Principal Southwest Middle School;
• December 1, 1999 notice to you from Jim Mosby;
 • November 1, 1999 memorandum to you from Ray Gillespie, Athletic Director, and Laura Flanigan, Administrative Assistant;
• Undated letter from you to Ray Gillespie;
• October 7, 1998 memorandum to you from Jimmy Mosby, Principal;
 • June 16, 1983 to you from Carroll Jones, Principal Southwest Junior High School.
You state that the school district has determined that the above-listed records will be released, absent a contrary opinion from this office. You object to the release of these records.
I am directed by law to issue an opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that the public nature of the documents depends upon their proper classification as either "personnel records" or "employee evaluation or job performance records" under the FOIA. Different tests apply to each category of records. I will begin by setting forth the standards for disclosure of such records.
Personnel Records
Under the FOIA, "personnel records" must be released unless the release of such records would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12).
The FOIA does not define the term "personnel records." However, the Attorney General has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records, that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, TheArkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
Once it has been determined that a particular record is a "personnel record," the ensuing issue is whether its release would constitute a clearly unwarranted invasion of the personal privacy of the employee in question.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
Employee Evaluation/Job Performance Records
Under the FOIA, "employee evaluation/job performance records" are releasable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). An obvious presupposition of the foregoing test for releasability is that the employee in question was suspended or terminated.
The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. The Attorney General has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See,e.g., Ops. Att'y Gen. Nos. 96-132; 91-324. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins, cited previously, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") I have previously opined that the public has a compelling interest in records that reflect the conduct of public school teachers during school hours and school-related events, where students were directly impacted. See Op. Att'y Gen. No. 2001-144.
Your Records
Turning to the particular records at issue, it is my opinion that the first document, the August 24, 2000 memorandum, is properly classified as a "personnel record." It does not appear that it was created by or at the behest of a supervisor for the purpose of evaluating employee performance so as to be characterized as an "employee evaluation or job performance record." (Statements given at the behest of an employer during the course of an investigation of an employee's conduct constitute employee evaluation/job performance records. Ark. Op. Att'y Gen. No. 2001-123.) Assuming as a factual matter that the memo was not created for evaluation purposes, the question under A.C.A. § 25-19-105(b)(12) then turns on whether the memo contains any information giving rise to a "clearly unwarranted invasion of personal privacy."[1] The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." The Arkansas Supreme Court, however, has construed the phrase and adopted a balancing test:
 The fact that section 25-19-105(b)(10) [changed to A.C.A. § 25-19-105(b)(12) by Act 1653 of 2001] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). In Young, the court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings but allowed release of the records of the examination with the names deleted. The court relied upon federal case law that finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
It is my opinion, following the above test, that the August 24, 2000 memo is subject to release after the redaction of the last sentence in accordance with A.C.A. § 25-19-105(b)(12). But see also n. 1, supra
(regarding the classification of this document as a personnel record of the other employee referenced therein).
The second document is the July 19, 2000 memorandum from you to Dr. R. Hurley. I am somewhat uncertain regarding the proper classification of this record. I am unable to determine whether this record constitutes a personnel record or an evaluation/job performance record. In order for me to make this determination, it would be necessary for me to know whether the letter was written voluntarily, or whether it was solicited by the employer in the course of investigating or evaluating your conduct. If this letter was written at the behest of the employer for evaluation purposes, it constitutes an employee evaluation/job performance record. However, if this memorandum was written voluntarily, it constitutes a personnel record. Regardless of how the record should be classified, in my opinion it contains no information in which you have a privacy interest that outweighs the public's interest in disclosure. Thus, if the letter is a personnel record, it is subject to release in my opinion. If, instead, it constitutes an evaluation or job performance record, it is subject to release if it formed the basis for a final suspension or termination decision. It should be noted, additionally, that this record may be a personnel record of the other employee named therein. In my opinion, however, nothing in the memo gives rise to a clearly unwarranted invasion of that person's personal privacy.
It is my opinion that the next document, the December 2, 1999 memorandum to you, as Head Basketball Coach, from the Principal is properly classified as an "employee evaluation or job performance record." Its release depends upon whether you were subjected to a final administrative determination of a suspension or termination proceeding. If so, I believe it is open to inspection and copying under the FOIA. As previously indicated, it is my opinion that because this record reflects the conduct of a public school teacher during school-related events, the public has a compelling interest in its disclosure.
This conclusion also applies with respect to the December 1, 1999 notice.
The fifth document is the November 1, 1999 memorandum to you from the Athletic Director and the Administrative Assistant. This memo was apparently in response to a memo you wrote. In my opinion this memo is subject to release as a personnel record that contains nothing that would constitute a "clearly unwarranted invasion of personal privacy" if released. It may also be a personnel record of the author and the other employee named therein. See generally n. 1, supra. In my opinion, however, no substantial privacy interest is implicated by its release.
With regard to the undated letter from you to Ray Gillespie, the Athletic Director, I am unable to determine whether this record constitutes a personnel record or a performance evaluation record. As stated above with regard to the July 19, 2000 memo, in order for me to make this determination it would be necessary for me to know whether the letter was written voluntarily, or whether it was solicited by the employer in the course of investigating or evaluating your conduct. If this letter was written at the behest of the employer, it constitutes an employee evaluation/job performance record. However, if this memorandum was written voluntarily, it constitutes a personnel record.[2] Regardless of how the record should be classified, in my opinion it contains no information in which you have a privacy interest that outweighs the public's interest, with the possible exception of your home address as discussed below. If the letter is a personnel record, it is thus subject to release in my opinion. If, instead, it constitutes an evaluation or job performance record, it is subject to release if it formed the basis for a final suspension or termination decision.
It is possible that the facts of the situation may indicate that your home address should be redacted from this letter. I have previously opined, on the basis of the Arkansas Supreme Court's decision in Stilleyv. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998), that home addresses can be withheld from disclosure under certain factual circumstances. InStilley, the Arkansas Supreme Court upheld a record custodian's decision to withhold from release certain police officers' home addresses. In upholding that decision, the Stilley court applied its traditional balancing test between the privacy interest and the public interest. In doing so, the court specifically considered the fact that this information can carry a heightened potential to be used for purposes of harassment, nuisance, and of people attempting to contact the subject at home, or endangering the employees' safety (and that of their families). This fact, coupled with the fact that the requestor of the information had not requested it for the purpose of gaining knowledge about the inner workings of government (the purpose of the FOIA), led the court to conclude that in that case, the privacy interest in this information outweighed the public interest in it. If the facts indicate that your home address could be used for purposes of harassment, nuisance, of people contacting you at home, or of endangering your family's safety, it may be appropriate for the custodian to redact this information from the undated letter prior to its release.
The next document is the October 7, 1998 memorandum to you from the Southwest Junior High School Principal, Jimmy Mosby. It seems clear that this record constitutes an "employee evaluation or job performance record." If you were subjected to a final suspension or termination decision for the subject matter of this memo, it is my opinion that this record is subject to release. A compelling public interest is in my opinion present.
The final record at issue is the June 16, 1983 letter to you from the Southwest Junior High School Principal, Carroll Jones. It is my opinion that this document is not subject to inspection and copying under the FOIA. As noted above, records relating to an employee's performance or lack of performance on the job are generally properly classified as job performance records under the FOIA. The Attorney General has also consistently taken the position that records which detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as "employee evaluation or job performance records." See, e.g., Op. Att'y Gen.1999-360.
Following these precepts, I conclude that the June 16, 1983 letter constitutes a job performance or evaluation record. Suspension or termination is a threshold requirement for the release of such a record. It does not appear from the face of the letter that you were either suspended or terminated for the subject matter reflected therein. Thus, in my opinion, the letter is exempt from public inspection and copying under the FOIA.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] It should be noted at this point that the August 24, 2000 memo may also be a personnel record of another employee who is referenced therein. This may trigger the notice requirement in A.C.A. § 25-19-105(c) with respect to that employee. In my opinion, however, there is nothing in the memo that gives rise to a clearly unwarranted invasion of this other employee's personal privacy.
[2] It may, similar to several of the other records discussed above, also constitute a personnel record of the other named individuals. In my opinion, however, the letter contains no information in which those employees have a privacy interest that outweighs the public interest in disclosure.